1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

DR. JAE HONG and DR. JOSEPH HWANG,

14

Plaintiffs,

15

v.

16

17

JANET NAPOLITANO, Secretary of the United
States Department of Homeland Security, et al.,

18

19

Defendants.

CASE NO. C09-733RSM

ORDER ON PENDING MOTIONS

20

This matter is before the Court for consideration of four pending motions: defendants' motion

21

for summary judgment[1] (Dkt. # 15);  plaintiffs' motion for leave to file an amended complaint (Dkt. #

22

29); plaintiffs' second motion for partial summary judgment[2] (Dkt. # 37); and defendants' cross-motion

23

for summary judgment (Dkt. # 40).  The motions are inter-related, so the Court has awaited completion

24

25

[1]This motion is designated on the docket as a cross-motion to a motion for summary judgment
filed by plaintiffs.  Plaintiffs' motion was withdrawn, so defendants' first summary judgment motion is
no longer designated as a cross-motion.

26

27

[2]As noted above, at Note 2, plaintiffs' original motion for summary judgment was withdrawn.

28

ORDER - 1

1   of briefing on all motions before ruling on any of them.  For the reasons set forth below, the Court shall

2   grant both defendants' original motion for summary judgment and plaintiffs' motion for leave to file an

3   amended complaint.  As to the remaining motions, which are directed to the amended complaint, the

4   Court shall grant in part plaintiffs' motion, and deny defendants' cross-motion.

5

6                                            BACKGROUND

7           Plaintiffs Jae Hong, DDS, and Joseph Hwang, DDS, filed this action for declaratory and

8   injunctive relief pursuant to the Mandamus Act,  28 U.S.C. § 1361, which provides jurisdiction in the

9   district court in the nature of mandamus "to compel an officer or employee of the United States or any

10  agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.   Plaintiffs also assert

11  claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., and the Declaratory

12  Judgment Act, 28 U.S.C. § 2201.

13          The complaint arises from an I-140 Petition for Alien Worker submitted by Dr. Hwang, a dentist,

14  on behalf of Dr. Hong, also a dentist, to the United States Citizenship and Immigration Service

15  ("USCIS") Texas Service Center ("Texas Service Center") in late 2006.  The petition is  for a "second

16  preference" EB-2 immigration visa based on Dr. Hong's status as a professional with an advanced

17  degree.  Complaint, Dkt. # 1, ¶¶ 14, 15.  Dr. Hwang, a sole practitioner, wishes to hire Dr. Hong to work

18  in his dental practice.   Dr. Hong, a citizen of South Korea, has resided in the United States since 1980;

19  he came here with his parents when he was ten years old.  He received his Doctor of Dental Surgery

20  degree from the University of Washington in 1997, and subsequently completed advanced training in

21  Oral and Maxillofacial Surgery.  Declaration of Jae Hong, Dkt. # 44-2.

22           The complaint alleges unreasonable delay in the adjudication of the I-140 petition, and asks that

23  this Court compel defendants to adjudicate and approve the I-140 petition.  Complaint, Dkt. # 1, ¶¶ 29,

24  30.  Plaintiffs contend that prompt adjudication of the petition is necessary because Dr. Hong is the

25  subject of deportation proceedings;  his appeal of a removal order is currently pending in the Ninth

26

27

28   ORDER - 2

1   Circuit Court of Appeals.[3]

2          In their first motion for summary judgment, defendants demonstrated that the I-140 petition was

3   denied on October 2, 2009, and argued that the complaint was rendered moot.  Subsequently, on

4   November 2, 2009, plaintiffs filed a Form I-290B appeal of the denial.  According to defendants, USCIS

5   has decided that it will *sua sponte* treat the I-290B appeal as a motion to reopen, and will at some time

6   in the future reopen the I-140 decision.  Specifically, defendants explain,

7          8 C.F.R. § 103.3(a)(2)(iii) mentions some of USCIS' options when processing a Form I-290B.
       Pursuant to 8 C.F.R. § 103.3.(a)(2)(iii), the TSC could have treated Joseph Hwang's I-290B
8      as a motion to reopen or a motion to reconsider within forty-five days of its receipt.  But
       given the complexity of the issues raised by the form I-290B and the associated Form I-140
9      and the related time constraints, the USCIS did not treat the Form I-290B as a motion to
       reopen or a motion to reconsider pursuant to 8 C.F.R. § 103.3(a)(2)(iii).  Rather, the USCIS
10     has decided that pursuant to 8 C.F.R. § 103.5(a)(5)(ii) it will issue and grant its own motion to
       reopen the Form I-140 proceedings.  Once finalized, the USCIS motion to reopen will enable
11     the TSC to further develop the administrative record in relation to the Form I-140.  The
       USCIS motion to reopen will enable the TSC to issue a new decision at some future date
12     either approving or denying the Form I-140.

13  Declaration of Latanya N. Thomas, Dkt. # 40-2, ¶ 18.

14         Thus, as of the date of the declaration, March 22, 2010, the Texas Service Center had not yet

15  moved to reopen the decision.  Defendants explain the delay in the same declaration, stating that

16     USCIS is in the process of preparing a Notice of Intent to Deny ("NOID") that will be
       finalized and mailed to Joseph Hwang.  Preparation of the NOID requires a significant
17     investment of employee time by USCIS.  The NOID cannot be finalized until after USCIS
       has finished parsing through several hundred pages of documents related to the form I-140
18     and the Form I-290B. . . .  The NOID will formally raise USCIS' concern that there was
       fraud or intentional misrepresentation of a material fact during the labor certification process.
19     The NOID might also raise a concern that there was fraud or intentional misrepresentation
       of a material fact in relation to the Form I-140 or the Form I-290B.  The NOID will be issued
20     pursuant in part to [20 C.R.F.R. § 656.30(d)], which authorizes USCIS to invalidate a labor
       certification after issuance by the Department of Labor.  The NOID will be issued in conformity
21     with 8 C.F.R. § 103.2(b)(8)(iii) and (iv).  The NOID will be prepared and issued by the
       USCIS' Texas Service Center.

22

23

24

25         [3] The complaint states that Dr. Hong's parents applied for and paid fees for lawful permanent
26  resident status in the early 1990's, but were the victims of a criminal conspiracy in which former INS
    agent Leland Sustaire accepted payments in exchange for the issuance of fraudulent I-551 "green cards."
    Complaint, ¶¶ 10-12.  Removal proceedings were commenced against Dr. Hong and his parents in 2003.
27  *Id*.

28   ORDER - 3

. . . .

Section 212(a)(6) of the INA describes classes of aliens ineligible for visas or admission to the United States, and states in pertinent part: "(C) Misrepresentation. . . . (i) in general. . . . any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States of other benefit under this chapter is admissible." Through the issuance of a NOID, USCIS may seek to elicit information from Joseph Hwang that will better enable USCIS to determine whether INA Section 212(a)(6) is applicable to the form I-290B and/or Form I-140 presently under consideration by USCIS.

*Id.*, ¶¶ 15, 17.

On February 15, 2010, prior to the filing of the declaration quoted above, plaintiffs filed a motion to amend the complaint to include factual developments since the original complaint was filed, including the decision on the I-140 petition and the pending appeal. Dkt. # 29. The proposed amended complaint does not add additional causes of action, but includes additional facts and argument in support of those causes of action, and adds an additional defendant. The cross-motions for summary judgment filed by the parties address the allegations and claims in the proposed amended complaint.

In light of these facts the Court finds it appropriate to GRANT defendants' original motion for summary judgment as to mootness of the original complaint (Dkt. # 15), and also GRANT plaintiffs' motion for leave to file an amended complaint (Dkt. # 29). Plaintiffs shall promptly file the amended complaint on the Court's docket. However, because the proposed amended complaint is in the record, and the motions for summary judgment fully ripe for review, the Court shall treat the proposed amended complaint as filed at this time, and proceed to address these motions on the merits.

DISCUSSION

Plaintiffs have moved for partial summery judgment on the issue of delay in adjudication of their I-140 petition, and ask the Court to "order U.S.C.I.S. to issue a final decision" on that petition. Plaintiffs' Second Motion for Partial Summary Judgment, Dkt. # 37, p. 1. Plaintiffs assert that defendants have unlawfully delayed action on Dr. Hwang's petition for 35 months, and then "issued a decision that is *ultra vires* the statute." *Id.*, pp. 1-2. As a result, Dr. Hong is unable to apply for relief from removal, and Dr. Hwang is unable to employ him. *Id.*, p. 2. Plaintiffs assert that "[a]bsent intervention by the Court, the Government's delay tactics will preclude Dr. Hong from seeking

ORDER - 4

1    adjustment of status in the United States." *Id*.  Plaintiffs ask this Court to promptly issue an order

2    "directing the agency to issue a decision on Dr. Hwang's pending appeal within 21 days." *Id*.  In

3    concluding the motion, plaintiffs clarify that they request that the Court direct  USCIS to issue final

4    decisions on the I-140 and I-290B petitions within twenty-one days, or, "if during the pendency of the

5    motion the matter has been referred to the Administrative Appeals Office ("AAO")," then it is the AAO[4]

6    that should be directed to issue a decision within twenty-one days. *Id*., p. 15.

7           In opposing plaintiffs' motion and moving for summary judgment of dismissal, defendants assert

8    that (1) plaintiffs' APA and mandamus claims against the Department of Homeland Security (DHS)

9    defendants fail as a matter of law, and (2) to the extent that USCIS has delayed issuance of a decision of

10   plaintiffs' I-140 delay, the delay is not unreasonable.  The Court notes that although Janet Napolitano,

11   Secretary of DHS, and Eric Holder, Attorney General of the United States, have been named as

12   defendants, the factual allegations of the complaint regarding delay, and the request for an order

13   directing defendants to adjudicate and approve the I-140 visa petition, are directed to the USCIS and its

14   Texas Service Center.  Eric Holder, Attorney General of the United States, has not been mentioned at all

15   in the factual allegations, nor has any relief been sought from him or his agency.  The Department of

16   Homeland Security is mentioned in the factual recitation of the complaint only for its role in the removal

17   proceedings against Dr. Hong, which are not before the Court in this action.  Proposed Amended

18   Complaint, Dkt. # 29-2, ¶¶ 13, 24, 25.  As to Janet Napolitano, Secretary of DHS, plaintiffs assert no

19   allegations other than to contend that she owes "a ministerial duty to Plaintiffs to adjudicate and approve

20   the I-140 petition within a reasonable time." *Id*., ¶ 30.  This allegation, asserted as a basis for plaintiffs'

21   request for writ of mandamus, will be addressed in the appropriate section below.

22          **I. Legal Standards**

23          Plaintiffs bases subject matter jurisdiction in this case on federal question jurisdiction, 28 U.S.C.

24   1331; the Mandamus and Venue Act (MVA), 28 U.S.C. § 1361; and the Administrative Procedures Act

---

26   [4]The relevant regulations refer to this unit as the Administrative Appeals Unit, or AAU.  *See*, 8
     C.F.R. § 103.3(a)(iv).  The amended complaint adds as a defendant Robert Weimann, Chief of the
27   USCIS Office of Administrative Appeals, but he has not yet been served, as the amended complaint
     naming him has not yet been formally filed.

28   ORDER - 5

(APA), 5 U.S.C. § 701 *et seq.*  The MVA provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus writs, as extraordinary remedies, are appropriate only when a federal officer, employee, or agency owes a nondiscretionary duty to the plaintiff that is so plainly prescribed as to be free from doubt." *Stang v. I.R.S.*, 788 F.2d 564, 565 (9th Cir.1986). Mandamus relief is available to compel an officer of the United States to perform a duty only if: (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.  *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir.1986). However, mandamus cannot be used to compel or control a duty which by law is given discretion. *See Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir.1983).

Similarly, "[t]he APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute.'" *Norton v. Southern Utah Wilderness Alliance*, 542 U .S. 55, 61 (2004); 5 U.S.C. § 702.  "[A]gency action is defined . . .  to include 'the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act.'" *Id.*  at 62 (emphasis in original).  The APA provides relief for a failure to act by empowering the district court to compel an agency to perform a ministerial or nondiscretionary duty if the agency unlawfully withheld or unreasonably delayed in acting on a duty. *Id.* at 63-65; see 5 U.S.C. § 555(b) (Under the APA, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude the matters presented to it.")  In short, a plaintiff may invoke subject matter jurisdiction under the APA, if he or she shows that the defendant (1) had a nondiscretionary duty to act, and (2) unreasonably delayed in acting on that duty. *Norton*, 542 U.S. at 63-65.

The exact interplay between these two statutory schemes has not been thoroughly examined by the courts.  The Ninth Circuit Court of Appeals has noted, however, that "the Supreme Court has construed a claim seeking mandamus under the MVA, 'in essence,' as one for relief under § 706 of the APA." *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir.1997). Relief under mandamus

ORDER - 6

1   and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a

2   nondiscretionary duty.  *Id*.

3   **II.  Analysis**

4   **A.  Mandamus**

5          Plaintiff's' amended complaint seeks a writ of mandamus directed to Janet Napolitano, Secretary

6   of DHS;  David Roark,  Director of the USCIS Texas Service Center; and Robert Weiman, Chief of the

7   USCIS Office of Administrative Appeals, compelling them to adjudicate the I-140 petition.   Amended

8   Complaint, ¶ 35.  Plaintiffs assert that these defendants "owe a ministerial duty to Plaintiffs to adjudicate

9   **and approve** the I-140 petition within a reasonable time."  *Id.,*  ¶ 30 (emphasis added).   Plaintiffs have

10  cited no authority for the statement that defendants have a ministerial duty to approve the I-140 petition,

11  nor is the Court aware of any.  While a court may, under appropriate circumstances, vacate a denial of

12  an I-140 petition and order USCIS to approve the petition, that result occurs in the context of a final

13  decision and abuse of discretion analysis.  *See,. e.g., Grace Korean United Methodist Church v.*

14  *Chertoff,* 437 F. Supp. 2d 11741179 (D.Or 2005).  Here, the issue put before the Court by plaintiffs is

15  defendants' alleged unreasonable delay in issuing a final decision, not the abuse of discretion in making

16  a final decision.  The Court therefore rejects plaintiffs' contention that the defendants have a ministerial

17  duty to approve the petition.

18          On the other hand, the Court does have the power, under appropriate circumstances, to compel

19  agency action which has been delayed or withheld. The question, however, is what, exactly, to compel.

20  USCIS can adjudicate immigrant visa petitions by either issuing or refusing an otherwise eligible

21  application.  *Tang v. Chertoff*,  493 F.Supp.2d 148, 155 (D.Mass. 2007).  Thus, while approval of the

22  petition may not be required of defendants, "adjudication of the application one way or the other is." *Id*.

23

24          Because the relief sought by plaintiffs under the Mandamus and Venue Act ("MVA") and the

25  APA is essentially the same, the Court declines to apply the extraordinary remedy of mandamus and

26  elects to analyze plaintiffs' entitlement to relief under the APA.  *See Independence Mining Co., Inc. v.*

27  *Babbitt,* 105 F.3d at 507   (construing a claim seeking mandamus and alternatively under the APA, since

28   ORDER - 7

1   the relief sought under either the MVA and the APA is essentially the same). This requires the Court to

2   examine the source of the delay and to determine whether the delay was "unreasonable" by application

3   of the so-called "TRAC" factors. *Telecommunication Research & Action v. FCC*, 750 F. 2d 70, 80

4   (D.C.Cir. 1984).

5       **B. Relief under the APA**

6       To invoke jurisdiction under the Administrative Procedure Act ("APA"), a "petitioner must

7   show: (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in

8   acting on that duty." *Gelfer v. Chertoff*, 2007 WL 902382 at *1 (N.D.Cal., March 22, 2007) (*citing*

9   *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004)). "Once a petitioner has

10  proven a right to relief under the circumstances, it is the reviewing court's duty to 'compel agency action

11  unlawfully withheld or unreasonably delayed.' " *Id.* (quoting 5 U.S.C. § 706(1)).

12      Section 706 provides, in relevant part:

13      To the extent necessary to decision and when presented, the reviewing court shall decide
        all relevant questions of law, interpret constitutional and statutory provisions, and determine
14      the meaning or applicability of the terms of an agency action. The reviewing court shall-

15      (1) compel agency action unlawfully withheld or unreasonably delayed;

16      . . . .

17      In making the foregoing determinations, the court shall review the whole record or those
18      parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

19  5 U.S.C. § 706.   However, this section only empowers a court to compel an agency "to perform a

20  ministerial or non-discretionary act," or "to take action upon a matter, without directing how it shall

21  act." *Norton*, 542 U.S. at 64.

22      The agency action which is subject to consideration at this stage of the proceedings is the

23  processing of the I-290B appeal.  USCIS has established regulations that establish its mandatory duty to

24  act on the appeal.  Such agency regulations can serve as a basis for a mandatory duty underlying action

25  under the APA.  *Norton*, 542 U.S. at 65.

26      The regulations appear at 8 C.F.R. § 103.3, the relevant part of which shall be set forth in full

27  below.  For the purpose of establishing the agency's non-discretionary duty to act on the I-290B appeal,

28   ORDER - 8

the Court finds dispositive the language directing that "[t]he reviewing officer shall decide whether or not favorable action is warranted," followed by courses of action to be taken depending on that officer's decision.  8 C.F.R. 103.3.(a)(2)(iii), (iv).   To evaluate the second prong of the *Norton* test, which is the unreasonableness of the delay, the Court looks to the timelines in the regulation, here set forth in full to place the timelines in meaningful context:

### § 103.3   Denials, appeals, and precedent decisions.

(a) *Denials and appeals*—(1) *General*—(i) *Denial of application or petition*. When a Service officer denies an application or petition filed under §103.2 of this part, the officer shall explain in writing the specific reasons for denial. If Form I–292 (a denial form including notification of the right of appeal) is used to notify the applicant or petitioner, the duplicate of Form I–292 constitutes the denial order.

(ii) *Appealable decisions*. Certain unfavorable decisions on applications, petitions, and other types of cases may be appealed. Decisions under the appellate jurisdiction of the Board of Immigration Appeals (Board) are listed in §3.1(b) of this chapter. Decisions under the appellate jurisdiction of the Associate Commissioner, Examinations, are listed in §103.1(f)(2) of this part.

(iii) *Appeal*—(A) *Jurisdiction*. When an unfavorable decision may be appealed, the official making the decision shall state the appellate jurisdiction and shall furnish the appropriate appeal form.

(B) *Meaning of affected party*. For purposes of this section and §§103.4 and 103.5 of this part, affected party (in addition to the Service) means the person or entity with legal standing in a proceeding. It does not include the beneficiary of a visa petition. An affected party may be represented by an attorney or representative in accordance with part 292 of this chapter.

(C) *Record of proceeding*. An appeal and any cross-appeal or briefs become part of the record of proceeding.

(D) *Appeal filed by Service officer in case within jurisdiction of Board*. If an appeal is filed by a Service officer, a copy must be served on the affected party.

(iv) *Function of Administrative Appeals Unit (AAU)*. The AAU is the appellate body which considers cases under the appellate jurisdiction of the Associate Commissioner, Examinations.

(v) *Summary dismissal*. An officer to whom an appeal is taken shall summarily dismiss any appeal when the party concerned fails to identify specifically any erroneous conclusion of law or statement of fact for the appeal. The filing by an attorney or representative accredited under 8 CFR 292.2(d) of an appeal which is summarily dismissed under this section may constitute frivolous behavior as defined in 8 CFR 292.3(a)(15). Summary dismissal of an appeal under §103.3(a)(1)(v) in no way limits the other grounds and procedures for disciplinary action against attorneys or representatives provided in 8 CFR 292.2 or in any other statute or regulation.

ORDER - 9

(2) *AAU appeals in other than special agricultural worker and legalization cases*—(i) *Filing appeal*. The affected party shall file an appeal on Form I–290B. Except as otherwise provided in this chapter, the affected party must pay the fee required by §103.7 of this part. The affected party shall file the complete appeal including any supporting brief with the office where the unfavorable decision was made within 30 days after service of the decision.

(ii) *Reviewing official*. The official who made the unfavorable decision being appealed shall review the appeal unless the affected party moves to a new jurisdiction. In that instance, the official who has jurisdiction over such a proceeding in that geographic location shall review it.

(iii) *Favorable action instead of forwarding appeal to AAU*. The reviewing official shall decide whether or not favorable action is warranted. Within 45 days of receipt of the appeal, the reviewing official may treat the appeal as a motion to reopen or reconsider and take favorable action. However, that official is not precluded from reopening a proceeding or reconsidering a decision on his or her own motion under §103.5(a)(5)(i) of this part in order to make a new decision favorable to the affected party after 45 days of receipt of the appeal.

(iv) *Forwarding appeal to AAU*. If the reviewing official will not be taking favorable action or decides favorable action is not warranted, that official shall promptly forward the appeal and the related record of proceeding to the AAU in Washington, DC.

(v) *Improperly filed appeal*—(A) *Appeal filed by person or entity not entitled to file it*—(1) *Rejection without refund of filing fee*. An appeal filed by a person or entity not entitled to file it must be rejected as improperly filed. In such a case, any filing fee the Service has accepted will not be refunded.

8 C.F.R. § 103.3 (a)(1), (2).

Under this regulation, where the official reviewing the appeal will not be taking favorable action, he or she shall "promptly" forward the appeal to the AAU in Washington. Defendants assert that this provision does not apply because "[g]iven the complexity of the issues raised by the form I-290B and associated Form I-140, USCIS exercised its discretion under 8 C.F.R. § 103.5(a)(5)(ii) to *sua sponte* reopen the Form I-140 proceedings." Defendant's Cross-Motion for Summary Judgment, Dtk. # 40, p. 2. The cited section, 8 C.F.R. § 103.5, is titled "reopening or reconsideration," and provides for motions to reopen a decision to be made by a Service officer, without specifying a time limitation. 8 C.F.R. § 103.5((a)(5)(ii). However, nothing in this regulation suggests that the cited provision overcomes the clear directives for processing an appeal set forth at § 103.3(a)(2)(iii) and (iv).

Plaintiff Hwang, as an "affected party" under § 103.3(a)(1)(iii)(B), timely filed an appeal on the proper I-290B form, and clearly designated it as an appeal. Defendants' Reply, Dkt. # 23-3, p. 4.

ORDER - 10

Pursuant to §103.3, the USCIS official who made the unfavorable decision on the I-140 petition "shall review the appeal. . ." § 103.3(a)(2)(ii).  Under the regulation, that official must follow one of two courses of action.  If the reviewing official determines that favorable action on the appeal is warranted, he or she may, within 45 days of receiving the appeal, treat it "as a motion to reopen or reconsider and take favorable action." § 103.3(a)(2)(iii).  Or, if the reviewing official determines that favorable action is not warranted, he or she "shall promptly forward the appeal and the related record of proceeding to the AAU in Washington, D.C." § 103.3(a)(2)(iv).  The Declaration of Latanya Thomas, set forth in part above, clearly indicates that USCIS has determined that favorable action will not be taken.  Therefore, the appeal should have "promptly" been forwarded to the AAU pursuant to § 103.3(a)(2)(iv).

Defendants rely on language in § 103.3(a)(2)(iii) for the assertion that USCIS can decide at any time to *sua sponte* move to re-open, so therefore there is no duty to promptly forward the appeal to AAU.  The section upon which defendants rely is titled "Favorable action instead of forwarding appeal to AAU" and states, in relevant part, that the reviewing official "is not precluded from reopening a proceeding or reconsidering a decision on his or her own motion under §103.5(a)(5)(i) of this part in order to make a new decision favorable to the affected party after 45 days of receipt of the appeal." § 103.3(a)(2)(iii).  That language is wholly inapplicable here because favorable action is not contemplated.  Even if it were, the forty-five day limitation in § 103.3(a)(2)(iii) still applies because it was triggered by the filing of the Form I-290B appeal.  The language regarding reopening on the USCIS' own motion should be read as applying in situations where no I-290B appeal is pending.  Otherwise, it would read the forty-five day limitation right out of the regulation.

Having established USCIS's mandatory duty to act upon plaintiff Hwang's I-290B appeal, the Court must now determine whether the agency unreasonably delayed in acting on that duty. *Norton,* 542 U.S. at 63-65.  As shown above, the applicable regulation provides that the I-290B appeal shall be forwarded promptly to AAU.  Further, even without a statutory or regulatory timetable, the APA directs agencies to resolve applications reasonably quickly. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.")

ORDER - 11

The Court should consider the following six-factor test, generally called the "TRAC" test, in determining whether the Governments' delay is unreasonable:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason[;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake[;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Independence Mining Co.*, 105 F.3d at 507 n. 7 (citing *Telecomms. Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C.Cir.1984)).  Taking these in turn, the Court finds that:

(1) the "rule of reason" is provided by the language in the relevant regulation that the appeal shall be forwarded promptly once the reviewing official has determined that favorable action will not be taken;

(2) while Congress has not expressly provided a time certain for the processing of I-140 application, it has expressed as policy the "sense of the Congress" that immigrant benefit applications be completed not later than 180 days after the initial filing;[5]

(3) human health and welfare is at stake with respect to Dr. Hong, who is subject to deportation proceedings, but as to Dr. Hwang, the "affected person" on the I-290B appeal, the potential burden is purely economic;

(4) the act of forwarding the appeal to the AAU in Washington D.C. as directed by § 103.3(a)(2)(iv) will have a minimal effect on the Texas Service Center's other priorities and activities;

(5) significant interests of Dr. Hong have been prejudiced by the delay, in that he is currently in deportation proceedings and therefore unable to apply for an adjustment of status; and

(6) while the Court finds no impropriety "lurking behind agency lassitude," it does find that USCIS has improperly relied upon a strained reading of the relevant regulations to justify the delay.

In addition to its consideration of the TRAC factors, the Court may consider defendants' preferred justification for the delay in forwarding the appeal.   As set forth in the Declaration of Latanya

---

[5]8 U.S.C. § 1571(b).

ORDER - 12

1    Thomas, the delay arises from the USCIS' incorrect determination that § 103.3(a)(2)(iii) and §

2    103.5(a)(5) provide unlimited discretion for the agency to move to reopen a decision at any time,

3    combined with the determination to wait and process a NOID before moving to reopen.  Dkt. # 40-2, ¶¶

4    15, 18.  Defendants assert that the contemplated USCIS motion to reopen "will enable the TSC to issue a

5    new decision at some future date either approving or denying the Form I-140."  *Id*., ¶ 18.  This

6    justification is both speculative and illogical, as the clear intent stated in the declaration is to issue a

7    NOID and then deny the I-290B appeal and/or the I-240 petition based on misrepresentations that were

8    allegedly made in the application.  *Id*., ¶ 17.   Further, as determined above, the applicable regulations do

9    not afford the agency the discretion to proceed in this manner rather than promptly forwarding the appeal

10   to AAU.  The Court is therefore not persuaded that defendants' justifications for the delay are reasonable.

11                                                       CONCLUSION

12          The Court is authorized under the APA to "compel agency action unlawfully withheld or

13   unreasonably delayed."  5 U.S.C. § 706(1).   The Court finds that as to the forwarding of plaintiffs' I-

14   290B appeal, there are no disputed issues of material fact, and plaintiffs are entitled to judgment as a

15   matter of law.  Accordingly, plaintiffs' motion for partial summary judgment (Dkt # 37) is GRANTED

16   IN PART, as to the APA claim against USCIS and the Texas Service Center.  Defendants are ORDERED

17   to forward plaintiffs' I-290B appeal to AAU within twenty-one days of the date of this Order.  The Court

18   declines to Order any specific time limit for adjudication of the appeal, as the AAU has not been served

19   in this action and is not at this time a defendant.  Nevertheless, the Court expresses its expectation that

20   the appeal will be adjudicated expeditiously.

21          Defendants' cross-motion for summary judgment (Dkt. # 40) is DENIED.

22          This Order is not dispositive of all claims set forth in the amended complaint.  The parties shall

23   submit an updated Joint Status Report to the Court within thirty days after plaintiff has filed the amended

24   complaint on the docket.

25          Dated this 11th day of June, 2010.

26

27                                                            RICARDO S. MARTINEZ
                                                             UNITED STATES DISTRICT JUDGE

28   ORDER - 13